IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SYLVIA SAIZ,

        Plaintiff,

v.                                                                  CIV. No. 01-1429 JP/LFG-ACE

CITY OF SANTA ROSA, MARK CHAVEZ,
and ANGELO ROMO, in their individual
and official capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On February 11, 2003, Plaintiff filed a motion for attorney's fees and costs (Doc. No. 63) in accordance with 42 U.S.C. § 1988. By the terms of Plaintiff's settlement agreement with Defendants City of Santa Rosa, Mark Chavez, and Angelo Romo,[1] Plaintiff is to receive reasonable attorney's fees and allowable costs to the date of the Offer of Judgment.[2] Having considered the briefs, exhibits, and relevant case law, this Court will grant, in part, Plaintiff's motion for attorney's fees and costs.

---

[1] On July 3, 2002, Plaintiff filed a First Amended Complaint for Damages for Civil Rights Violations and State Tort Claims (Doc. No. 38), in which Florian Chavez was dropped as a Defendant. On July 16, 2002, the Court entered a Stipulated Order (Doc. No. 41), granting Plaintiff's unopposed motion to dismiss all claims against the New Mexico State Police, which were dismissed with prejudice.

[2] According to Defendants' Certificate of Service for the Offer of Judgment (Doc. No. 55), the Offer of Judgment was faxed and mailed to Plaintiff's counsel on November 13, 2002. Therefore, the billing entries on the dates through November 13, 2002, are the only entries subject to this motion.

Under 42 U.S.C. § 1988, reasonable attorneys' fees are usually awarded to a prevailing party in civil rights litigation. Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). In determining the reasonableness of a fee request, a court begins by calculating the "lodestar amount" of a fee, which is the number of attorney hours reasonably expended times the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Robinson, 160 F.3d at 1281. The party seeking fees bears the burden of proving "the reasonableness of each dollar, each hour, above zero." Sussman v. Patterson, 108 F.3d 1206, 1212 (10th Cir. 1997) (quoting Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1210 (10th Cir. 1986)). Once the claimant has demonstrated that the claimed rate and number of hours are reasonable, the lodestar amount is presumed to be a reasonable fee under Section 1988. Robinson, 160 F.3d at 1281.

**Reasonable Rate**

In setting the hourly rate for the lodestar calculation, a court should establish a billing rate based on the norm for lawyers of comparable skill and performance in private practice in the local area. Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by* Pennsylvania v. Del. Valley Citizens' Council For Clean Air, 483 U.S. 711, 725 (1987). Plaintiff's counsel, Thomas L. Murphy, is requesting an hourly rate of $175.00. Mr. Murphy has seven years of college teaching experience, in which he taught such courses as media law and legal communication. Pl.'s Mot. and Mem. Ex. A at 1-2. Mr. Murphy has practiced law in New Mexico for nine years. Id. at 2. In the last seven years, Mr. Murphy has practiced in the area of civil litigation and has had twelve civil jury trials. Id. In the first five years of civil litigation practice, Mr. Murphy worked in civil defense, which included defense in civil rights cases. Id.

Defendants argue that Mr. Murphy, as a defense attorney, received a rate of $125 per hour, and because of only seven years of experience in civil litigation, he should be limited to $125 per hour. This Court finds Defendant's argument without merit. Mr. Murphy's prior rate for defense work is not relevant to what the proper hourly rate should be for a plaintiff's civil rights attorney. As the Tenth Circuit noted, "Plaintiffs' and defendants' civil rights work . . . are markedly dissimilar. Attorneys in defendants' civil rights cases are typically paid regardless of their success in a case and receive payment on a shorter billing cycle. Moreover, defendants' attorneys are sometimes guaranteed a certain amount of work from insurance pools." Malloy v. Monahan, 73 F.3d 1012, 1018-19 (10th Cir. 1996) (upholding district court's decision not to use market rates for attorneys performing defendants' civil rights work in determining reasonable hourly rates for plaintiff's attorneys).

Although Defendants' contention that Mr. Murphy should be paid his former defense attorney rate of $125 per hour is without merit, the Court determines that a rate of $150 per hour is more appropriate in this case, given Mr. Murphy's mere seven years experience in civil litigation practice. See Derringer v. Chapel, No. CIV. 02-974 WJ/RLP, slip op. at 5 (D.N.M. Jan. 2, 2003) (finding that $150 an hour was reasonable rate for attorney with 19 years experience in commercial litigation in this geographic area).

**Reasonable Number of Hours**

In determining the reasonableness of the number of hours expended, a court should examine the total number of hours reported by each attorney, question reported time in excess of the norm, consider the reasonableness of hours allotted to specific tasks, and look for any potential duplication of services. Ramos, 713 F.2d at 546. "A district court should approach this

reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." Robinson, 160 F.3d at 1281.

Mr. Murphy requests compensation for 54.3 hours of his time and for 40.9 hours of the time of Amy Paul, Mr. Murphy's paralegal.  Mr. Murphy did not request attorneys' fees and expenses related to Plaintiff's claims against Defendants Florian Chavez and the New Mexico State Police. Nevertheless, Defendants object to a number of Plaintiff's billing requests, claiming that the amounts are excessive.

After reviewing all the billing entries and Defendants' objections to the billing entries, this Court determines that the majority of the attorney time billed was reasonably expended.  This Court also concludes that Defendants' overall objection to compensating Plaintiff for the time of Mr. Murphy's paralegal, Amy Paul, is without merit.  Although purely clerical or secretarial tasks should not be billed at a paralegal rate, Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989), paralegal work is compensable as part of a reasonable attorney's fee where the prevailing local practice is to bill paralegal time separately at market rates.  Id. at 287; Ramos, 713 F.2d at 558-59; Heiar v. Crawford County, 746 F.2d 1190, 1203 (7th Cir. 1984).  Mr. Murphy follows the common local practice of billing paralegal time separately.  After reviewing Ms. Paul's time records, the Court determines that Ms. Paul's entries were not for clerical or secretarial tasks, but rather were for legal work, which could have been billed by Mr. Murphy himself, if he had performed these services.  For example, most of Ms. Paul's entries were for preparation of summonses, client letters, discovery, and other motions; attempts to locate Defendant Mark Chavez; calls to opposing counsel regarding litigation issues; and legal research.  Thus, Plaintiff can be reimbursed for Ms. Paul's reasonable paralegal work.  The Court also concludes that Ms.

Paul's paralegal rate of $65 an hour is a reasonable rate in the local community. The Court, however, finds the following requests for attorney's fees and expenses unreasonable.

First, Defendants assert that the 1.1 hours Mr. Murphy spent reviewing the motion to dismiss Defendant Mark Chavez for lack of service of process were excessive. The motion and memorandum in support thereof consisted of a total of five pages. Even assuming that Mr. Murphy looked at the cases and statutes cited in the motion, the Court finds that 1.1 hours to review the motion to dismiss were unreasonable and should be reduced by 0.6 hours to 0.5 hours.

Second, Defendants object to the 1.6 hours Mr. Murphy used to review Defendants' two motions to dismiss Plaintiff's Fourteenth Amendment, official capacity, and punitive damages claims. The memoranda in support of these motions consisted of 15 pages. Again, even assuming Mr. Murphy examined some of the cited cases, the Court concludes that Mr. Murphy's time to review the motions to dismiss was excessive and should be reduced by 0.6 hours to 1.0 hours.

Third, Defendants assert that Amy Paul's traveling to El Paso to attempt service on Defendant Mark Chavez involved an excessive expenditure of time. On September 30, 2002, the day before the court-imposed deadline for service, Amy Paul traveled to El Paso in an attempt to serve Mark Chavez (4.3 hours). Ms. Paul located the previous addresses for Mark Chavez and verified the current residents (5.2 hours). Ms. Paul then returned to Las Cruces (0.9 hours). The next day, Ms. Paul traveled from Las Cruces to El Paso to attempt service on Mark Chavez at a Shadowmountain address (0.9 hours). She made a telephone call and identified vehicles in a parking lot (0.3 hours). She attempted service several more times (3.8 hours) and returned to

Albuquerque (4.3 hours).  Ms. Paul spent a total of 19.7 hours trying to serve Defendant Mark Chavez.

Service of process fees are ordinarily compensable on an application for attorneys' fees. Alnutt v. Cleary, 27 F.Supp.2d 395, 403-04 (W.D.N.Y. 1998).  This Court determines, however, that sending Ms. Paul to El Paso to attempt service was unreasonable, given that Plaintiff could have hired a local process server instead.  This Court also finds the time spent on vehicle identification to be unreasonable.  Therefore, the Court will reduce Ms. Paul's compensable time for the attempts to serve Mark Chavez by 10.7 hours to 9.0 hours.

**Reasonable Expenses**

Plaintiff requests reimbursement for filing fees, postage, copying, subpoena fees, out-of-town travel, and private investigator fees, in an amount totaling $715.50.  Defendants object to Plaintiff's requested costs in total, arguing that the expenses are not listed as taxable costs under D.N.M. LR-Civ. 54.2.  Defendants' argument, however, is misplaced.  Plaintiff is not requesting costs under D.N.M. LR-Civ. 54.2.  Rather, the costs are being requested, and are permissible, as out-of-pocket expenses that are normally itemized and billed to a client.  Ramos, 713 F.2d at 559. Accordingly, the only necessary inquiry by the court is whether the expenditures are ordinarily billed to clients in the local area and whether the expenditures are reasonable.

As for the filing fees,[3] postage, copy costs, and subpoena fees, the Court finds nothing about the price or quantity of these expenses that would render Plaintiff's request unreasonable or otherwise suspect.  These expenses are not part of the office overhead, but rather are ordinarily billed to clients in the local area.  Robinson, 160 F.3d at 1285-86.  The Court also concludes that

---

[3]Plaintiff has not made a request for filing fees or other costs under 28 U.S.C. § 1920.

the expense for the private investigator to locate Defendant Mark Chavez, totaling $164.01, was both reasonable and necessary, given the service of process requirements of FED. R. CIV. P. 4. However, as discussed above, the Court determines that the cost of out-of-town travel by Ms. Paul to El Paso to attempt service on Defendant Mark Chavez was unreasonable, given that a local process server could be hired. Thus, the Court will reduce Plaintiff's requested out-of-pocket expenses in the nature of travel costs by $264.63 (725 miles at $0.37 a mile).

In sum, the Court calculates the reasonable attorney's fees and expenses awarded to Plaintiff under the lodestar method as follows:

|  | Hours | | Rate | | Fee |
|---|---|---|---|---|---|
| Mr. Murphy: | (54.3 hours requested - 1.2 hours)[4] | X | $150/hour | = | $7,965.00 |
| Ms. Paul: | (40.9 hours requested - 10.7 hours)[5] | X | $65/hour | = | $1,963.00 |

Sub-Total                                                                                            $9,928.00

Gross Receipts Tax (5.8125% of Sub-Total)                                                            $577.07

plus filing fees, postage, copy costs, subpoena fees, and private investigator fees[6]   $450.87

Total Fees and Costs                                                                                 $10,955.94

---

[4] The reduction of 1.2 hours represents the excessive time Mr. Murphy spent reviewing Defendant Mark Chavez's motion to dismiss for lack of service of process and Defendants' motions to dismiss Plaintiff's Fourteenth Amendment, official capacity, and punitive damages claims.

[5] The reduction of 10.7 hours represents the time Ms. Paul took to travel to and from El Paso and to identify vehicles in a parking lot.

[6] The Court includes these expenses as part of the fee award because they are reasonable and ordinarily billed to clients. However, Plaintiff presents no authority permitting gross receipts tax to be applied to these expenses, and therefore, they will not be taxed. The expenses here are itemized in Pl.'s Mot. and Mem. Ex. B at 10.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney's fees and expenses (Doc. No. 63) is GRANTED in part, and that Plaintiff is awarded $10,955.94 in attorney's fees and expenses. To the extent Plaintiff requested fees and expenses above the amounts awarded, the request is DENIED. Defendants must pay the fees and expenses granted herein by May 20, 2003.

_____
CHIEF UNITED STATES DISTRICT JUDGE